JOHN R. BAILEY
Nevada Bar No. 0137
JOSHUA M. DICKEY
Nevada Bar No. 6621
KELLY B. STOUT
Nevada Bar No. 12105
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY✧KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
JBailey@BaileyKennedy.com
JDickey@BaileyKennedy.com
KStout@BaileyKennedy.com
PWilliams@BaileyKennedy.com

*Attorneys for Defendants DaVita Inc.;*
*HealthCare Partners Holdings, LLC; and*
*HealthCare Partners, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHERIF W. ABDOU, M.D. and AMIR S. BACCHUS, MD.<br><br>Plaintiffs,<br><br>v.<br><br>DAVITA INC., HEALTHCARE PARTNERS HOLDINGS, LLC, and HEALTHCARE PARTNERS LLC<br><br>Defendants. | Case No. 2:16-cv-02597-APG-CWH<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIM** |

## ANSWER TO COMPLAINT

Defendant DaVita HealthCare Partners Inc. ("DaVita"); Healthcare Partners Holdings, LLC ("HCP Holdings"); and Healthcare Partners, LLC ("HCP") (collectively, "Defendants") answer Plaintiffs Sherif Abdou ("Dr. Abdou") and Amir Bacchus's ("Dr. Bacchus") (jointly "Plaintiffs") Complaint as follows:

### PARTIES

1. Defendants admit the allegations contained in Paragraph 1.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit the allegations contained in Paragraph 3.

4. Defendants admit the allegations contained in Paragraph 4.

5. Defendants admit the allegations contained in Paragraph 5.

6. In response to the allegations contained in Paragraph 6, Defendants state that the allegations do not require a response; to the extent that a response is required, Defendants deny the allegations.

7. In response to the allegations contained in Paragraph 7, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

8. In response to the allegations contained in Paragraph 8, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

9. In response to the allegations contained in Paragraph 9, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

10. In response to the allegations contained in Paragraph 10, Defendants state that the 2012 Settlement Agreements speak for themselves. To the extent that the allegations in Paragraph 10 are inconsistent with the 2012 Settlement Agreements, Defendants deny those inconsistent allegations.

11. In response to the allegations contained in Paragraph 11, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

12. In response to the allegations contained in Paragraph 12, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13. In response to the allegations contained in Paragraph 13, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

14. In response to the allegations contained in Paragraph 14, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

15. In response to the allegations contained in Paragraph 15, Defendants state that the 2010 Employment Agreements speak for themselves. To the extent that the allegations are inconsistent with the 2010 Employment Agreements, Defendants deny those inconsistent allegations.

16. Defendants admit the allegations contained in Paragraph 16.

17. In response to the allegations contained in Paragraph 17, Defendants admit that Plaintiffs initiated a lawsuit against HCP Holdings and JSA (the "2012 Lawsuit"). Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

18. In response to the allegations contained in Paragraph 18, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

19. In response to the allegations contained in Paragraph 19, Defendants admit that DaVita had a potential interest in the resolution of the 2012 Lawsuit and was involved in the settlement discussions concerning the 2012 Lawsuit. Defendants deny any remaining and/or inconsistent allegations contained in Paragraph 19.

20. In response to the allegations contained in Paragraph 20, Defendants admit that DaVita Medical Nevada, LLC (f/k/a JSA Nevada) entered into settlement agreements with each of the Plaintiffs resolving the 2012 Lawsuit. Defendants deny any remaining and/or inconsistent allegations contained in Paragraph 20.

21. In response to the allegations contained in Paragraph 21, Defendants state that the Settlement Agreements speaks for themselves; to the extent that the allegations are inconsistent with

the Settlement Agreements, Defendants deny those inconsistent allegations. Defendants deny any remaining and/or inconsistent allegations contained in Paragraph 21.

22. In response to the allegations contained in Paragraph 22, Defendants admit that Plaintiffs executed other agreements in connection with the Settlement Agreements. Defendants further state that the agreements speak for themselves; to the extent that the allegations are inconsistent with the agreements, Defendants deny those inconsistent allegations. Defendants deny any remaining and/or inconsistent allegations contained in Paragraph 22.

23. In response to the allegations contained in Paragraph 23, Defendants admit that Plaintiffs, HCP Holdings, and DaVita entered into the 2012 Employment Noncompetes. Defendants further state that the 2012 Employment Noncompetes speak for themselves; to the extent that the allegations are inconsistent with the agreements, Defendants deny those inconsistent allegations. Defendants deny any remaining and/or inconsistent allegations contained in Paragraph 23.

24. In response to the allegations contained in Paragraph 24, Defendants deny that the 2012 Employment Noncompetes sought to prohibit Plaintiffs from engaging in "broad categories." Defendants further state that the 2012 Employment Noncompetes speak for themselves; to the extent that the allegations are inconsistent with the 2012 Employment Noncompetes, Defendants deny those inconsistent allegations.

25. In response to the allegations contained in Paragraph 25, Defendants state that the 2012 Employment Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the Settlement Agreements, Defendants deny those inconsistent allegations.

26. In response to the allegations contained in Paragraph 26, Defendants state that the 2012 Employment Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the Settlement Agreements, Defendants deny those inconsistent allegations.

27. In response to the allegations contained in Paragraph 27, Defendants state that the 2012 Employment Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the Settlement Agreements, Defendants deny those inconsistent allegations.

28. In response to the allegations contained in Paragraph 28, Defendants state that the 2012 Employment Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the Settlement Agreements, Defendants deny those inconsistent allegations.

29. Defendants deny the allegations contained in Paragraph 29.

30. In response to the allegations contained in Paragraph 30, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

31. Defendants admit the allegations contained in Paragraph 31.

32. In response to the allegations contained in Paragraph 32, Defendants admit that Plaintiffs and DaVita entered into Noncompetition and Nonsolicitation Agreements ancillary to the sale of Plaintiffs' interests in HCP Holdings (the "Sale Noncompetes"). Defendants further state that the Sale Noncompetes speak for themselves; to the extent that the allegations are inconsistent with the Sale Noncomptetes, Defendants deny those inconsistent allegations.

33. In response to the allegations contained in Paragraph 33, Defendants deny that the Sale Noncompetes sought to prohibit Plaintiffs from engaging in "broad categories." Defendants further state that the Sale Noncompetes speak for themselves; to the extent that the allegations are inconsistent with the Sale Noncompetes, Defendants deny those inconsistent allegations.

34. In response to the allegations contained in Paragraph 34, Defendants state that the Sale Noncompetes speak for themselves; to the extent that the allegations are inconsistent with the Sale Noncompetes, Defendants deny those inconsistent allegations.

35. In response to the allegations contained in Paragraph 35, Defendants state that the Sale Noncompetes and 2012 Employment Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the Sale Noncompetes and/or 2012 Employment Noncompetes, Defendants deny those inconsistent allegations

36. In response to the allegations contained in Paragraph 36, Defendants state that the Sale Noncompetes speak for themselves; to the extent that the allegations are inconsistent with the Sale Noncompetes, Defendants deny those inconsistent allegations.

37. In response to the allegations contained in Paragraph 37, Defendants state that the Sale Noncompetes and 2012 Employment Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the Sale Noncompetes and/or 2012 Employment Noncompetes, Defendants deny those inconsistent allegations

38. In response to the allegations contained in Paragraph 38, Defendants state that the Sale Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the Sale Noncompetes, Defendants deny those inconsistent allegations.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants admit the allegations contained in Paragraph 42.

43. Defendants admit the allegations contained in Paragraph 43.

44. In response to the allegations contained in Paragraph 44, Defendants state that the Sale Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the Sale Noncompetes, Defendants deny those inconsistent allegations.

45. In response to the allegations contained in Paragraph 45, Defendants state that the Sale Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the Sale Noncompetes, Defendants deny those inconsistent allegations.

### **The 2014 Employment Noncompetes**

46. In response to the allegations contained in Paragraph 46, Defendants admit that Plaintiffs, DaVita, and HCP entered into Employment Agreements (the "2014 Employment Agreements"). Defendants further state that the 2014 Employment Agreements speak for themselves; to the extent that the allegations are inconsistent with the 2014 Employment Agreements, Defendants deny those inconsistent allegations.

47. In response to the allegations contained in Paragraph 47, Defendants admit that Plaintiffs, DaVita, and HCP entered into Noncompetition, Nonsolicitation, and Confidentiality Agreements ancillary to their employment with HCP (the "2014 Employment Noncompetes"). Defendants further state that the 2014 Employment Noncompetes speak for themselves; to the

extent that the allegations are inconsistent with the 2014 Employment Noncompetes, Defendants deny those inconsistent allegations.

48. In response to the allegations contained in Paragraph 48, Defendants admit that the Sale Noncompetes remained in effect after the parties entered into the 2014 Employment Noncompetes. Defendants further state that the 2014 Employment Agreements, 2014 Employment Noncompetes, and Sale Noncompetes speak for themselves; to the extent that the allegations are inconsistent with the 2014 Employment Agreements, 2014 Employment Noncompetes, and/or Sale Noncompetes, Defendants deny those inconsistent allegations.

49. In response to the allegations contained in Paragraph 49, Defendants deny that the categories of "Restricted Business" contained in the Sale Noncompetes, 2012 Employment Noncompetes, and 2014 Employment Noncompetes are broad. Defendants further state that the Sale Noncompetes, 2012 Employment Noncompetes, and 2014 Employment Noncompetes speak for themselves; to the extent that the allegations are inconsistent with the Sale Noncompetes, 2012 Employment Noncompetes, and 2014 Employment Noncompetes, Defendants deny those inconsistent allegations.

50. In response to the allegations contained in Paragraph 50, Defendants state that the 2014 Employment Noncompetes, 2012 Employment Noncompetes, and Sale Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the 2014 Employment Noncompetes, 2012 Employment Noncompetes, and/or Sale Noncompetes, Defendants deny those inconsistent allegations.

51. In response to the allegations contained in Paragraph 51, Defendants state that the 2014 Employment Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the 2014 Employment Noncompetes, Defendants deny those inconsistent allegations.

52. In response to the allegations contained in Paragraph 52, Defendants state that the 2014 Employment Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the 2014 Employment Noncompetes, Defendants deny those inconsistent allegations.

53. Defendants deny the allegations contained in Paragraph 53.

54. In response to the allegations contained in Paragraph 54, Defendants admit that the restrictions set forth in the 2014 Employment Noncompetes will expire on February 27, 2017. Defendants deny any remaining and/or inconsistent allegations contained in Paragraph 54.

55. Defendants admit the allegations contained in Paragraph 55.

56. In response to the allegations contained in Paragraph 56, Defendants state that the 2014 Employment Noncompetes, 2012 Employment Noncompetes, and Sale Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the 2014 Employment Noncompetes, 2012 Employment Noncompetes, and/or Sale Noncompetes, Defendants deny those inconsistent allegations.

57. In response to the allegations contained in Paragraph 57, Defendants state that the 2014 Employment Noncompetes, 2012 Employment Noncompetes, and Sale Noncompetes speak for themselves. To the extent that the allegations are inconsistent with the 2014 Employment Noncompetes, 2012 Employment Noncompetes, and/or Sale Noncompetes, Defendants deny those inconsistent allegations.

58. Defendants deny the allegations contained in Paragraph 58.

59. In response to the allegations contained in Paragraph 59, Defendants admit that the Sale Noncompetes are valid and enforceable. Defendants further state that the Sale Noncompetes speak for themselves; to the extent that the allegations are inconsistent with the Sale Noncompetes, Defendants deny those inconsistent allegations.

60. In response to the allegations contained in Paragraph 60, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

61. In response to the allegations contained in Paragraph 61, Defendants state that February 27, 2015 Memorandum speaks for itself. Defendants deny any remaining and/or inconsistent allegations contained in Paragraph 51.

62. In response to the allegations contained in Paragraph 62, Defendants state that the 2014 Employment Noncompetes, 2012 Employment Noncompetes, and Sale Noncompetes speak for

themselves. To the extent that the allegations are inconsistent with the 2014 Employment Noncompetes, 2012 Employment Noncompetes, and/or Sale Noncompetes, Defendants deny those inconsistent allegations.

63. Defendants deny the allegations contained in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

65. In response to the allegations contained in Paragraph 65, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

66. In response to the allegations contained in Paragraph 66, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

67. In response to the allegations contained in Paragraph 67, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

68. In response to the allegations contained in Paragraph 68, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

**First Claim for Relief**

**(Declaratory Judgment)**

73. Defendants reassert and incorporate by reference the above paragraphs 1 to 72, inclusive, as though fully set forth herein.

74. In response to the allegations contained in Paragraph 74, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

75. In response to the allegations contained in Paragraph 75, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

76. In response to the allegations contained in Paragraph 76, Defendants admit that they contend the Sale Noncompetes are reasonable and enforceable. Defendants deny any remaining and/or inconsistent allegations contained in Paragraph 76.

77. In response to the allegations contained in Paragraph 77, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

78. In response to the allegations contained in Paragraph 78, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

79. In response to the allegations contained in Paragraph 79, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

80. In response to the allegations contained in Paragraph 80, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

81. In response to the allegations contained in Paragraph 81, Defendants state that the allegations do not require a response because they assert legal conclusions rather than factual allegations. To the extent that a response is required, Defendants deny the allegations.

82. In response to the allegations contained in Paragraph 82, Defendants admit that Plaintiffs seek declaratory judgment finding the Sale Noncompetes are void and unenforceable, but deny that Plaintiffs are entitled to such a declaratory judgment. Defendants further state that the allegations do not require a response because they assert legal conclusions rather than factual allegations; to the extent that a response is required, Defendants deny the allegations.

83. In response to the allegations contained in Paragraph 83, Defendants admit that Plaintiffs seek injunctive relief preventing the Defendants from seeking to enforce the terms of the

1  Sale Noncompetes or informing any third parties of the purported restrictions set forth in the Sale
2  Noncompetes, but deny that Plaintiffs are entitled to such injunctive relief.  Defendants further state
3  that the allegations do not require a response because they assert legal conclusions rather than factual
4  allegations; to the extent that a response is required, Defendants deny the allegations.

5        84.      Defendants deny the allegations contained in Paragraph 84.

6        85.      Defendants deny the allegations contained in Paragraph 85.

## **AFFIRMATIVE DEFENSES**

8  And now, having answered Plaintiffs' Complaint, Defendants sets forth their affirmative
9  defenses as follows:

10        1.      Plaintiffs' Complaint fails to set forth facts sufficient to state a claim upon which
11  relief may be granted against Defendants and further fails to entitle Plaintiffs to the relief sought, or
12  to any relief whatsoever from Defendants.

13        2.      Plaintiffs' claim against Defendants is barred, in whole or in part, by the equitable
14  doctrine of laches.

15        3.      Plaintiffs' claim against Defendants is barred, in whole or in part, by the equitable
16  doctrine of waiver.

17        4.      Plaintiffs' claim against Defendants is barred, in whole or in part, by the equitable
18  doctrine of estoppel.

19        5.      Plaintiffs' claim against Defendants is barred, in whole or in part, by the equitable
20  doctrine of abandonment.

21        6.      Plaintiffs' claim against Defendants is barred, in whole or in part, by the equitable
22  doctrine of unclean hands.

23        7.      Plaintiffs' claim against Defendants is barred, in whole or in part, by the terms,
24  conditions, limitations, and exclusions contained in the alleged contracts and/or agreements.

25        8.      Plaintiffs' claim against Defendants is barred, in whole or in part, because Plaintiffs
26  ratified, acquiesced in, and/or consented to the conduct or actions that are the subject of their claim.

27        9.      Plaintiffs' claim against Defendants is barred, in whole or in part, because, at all
28  times and places mentioned in the Complaint, Defendants' actions were justified.

10. Plaintiffs' claim against Defendants is barred, in whole or in part, because, at all times and places mentioned in the Complaint, Defendants acted in a manner authorized and/or required by law.

11. While Defendants deny any liability to Plaintiffs whatsoever, to the extent that Plaintiffs seek equitable relief, Plaintiffs' claim for such relief is barred as they have an adequate remedy at law.

12. Plaintiffs have failed to state a cause of action for the recovery of attorney's fees.

13. Pursuant to the Federal Rules of Civil Procedure, Defendants reserve the right to assert, and give notice that they intend to rely upon, any other affirmative defenses that may become available or appear during discovery proceedings or otherwise in this case, and reserve the right to amend their Answer to assert any such additional affirmative defenses.

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs' claim for relief be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. For an award of costs and attorney's fees incurred in the defense of this action, as may be permitted by law; and

3. For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaimants DaVita HealthCare Partners Inc. ("DaVita"); Healthcare Partners Holdings, LLC ("HCP Holdings"); and Healthcare Partners, LLC ("HCP") complain against Counterdefendants Sherif Abdou ("Dr. Abdou") and Amir Bacchus ("Dr. Bacchus") (jointly "Counterdefendants") as follows:

### The Parties

1. Dr. Abdou is an individual, a resident of Nevada, and a Board Certified Internal Medical Doctor.

2. Dr. Bacchus is an individual, a resident of Nevada, and a Board Certified Internal Medical Doctor.

3. DaVita is a Delaware corporation with its principal place of business located in Denver, Colorado.

4. HCP Holdings is a California limited liability company.

5. HCP is a California limited liability company.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367 because the counterclaim arises from the facts giving rise to this action. This Court also has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. This Court has personal jurisdiction over Counterdefendants because they are residents of Nevada.

8. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the counterclaim occurred in this judicial district.

### The Settlement Agreements

9. In early 2012, DaVita and HCP entered into negotiations regarding a potential merger of the companies.

10. On March 16, 2012, Counterdefendants sued HCP Holdings and DaVita Medical Nevada, LLC (f/k/a JSA Nevada, LLC) ("DaVita Medical Nevada") for breach of contract and declaratory relief contending that:

    (a) HCP Holdings had somehow breached stock warrants that Plaintiffs admittedly had let expire; and

    (b) Their covenants not to compete were unenforceable.

11. Although Counterdefendants acknowledged that they "should have been more on top of the [Warrants]," they sued HCP Holdings and DaVita Medical Nevada because they (somehow) "kind of hid" the deadlines for exercising the Warrants—which were clearly expressed in written agreements—from the Plaintiffs.

12. Counterdefendants also sought to invalidate the covenants not to compete contained in their 2010 Employment Agreements on the grounds that they were overbroad.

13. Plaintiffs' lawsuit was filed in the midst of the $4.42 billion merger of DaVita and HCP (via HCP Holdings) (the "Merger").

14. In connection with the Warrants lawsuit, Plaintiffs and DaVita Medical Nevada entered into settlement agreements on May 20, 2012 (the "Settlement Agreements").

15. Pursuant to the 2012 Settlement Agreements, Counterdefendants:

    (a) Received substantial compensation;

    (b) Entered into amendments to their 2010 Employment Agreements (as amended, the "2010/12 Employment Agreements");

    (c) Agreed to covenants not to compete ancillary to their employment (the "2012 Employment Noncompetes"); and

    (d) Agreed to covenants not to compete ancillary to the transfer of their ownership interests in HCP Holdings in connection with the Merger (the "Sale Noncompetes").

16. DaVita, HCP Holdings, and HCP are intended third party beneficiaries of the Settlement Agreements.

17. Counterdefendants received substantial compensation (including future potential compensation) pursuant to the 2012 Settlement Agreements.

18. Each Counterdefendant received a Merger Transaction Settlement Payment (the "Merger Payment")—Dr. Abdou received $6 million and Dr. Bacchus received $4 million.

19. Each Plaintiff had the potential to receive a Noncompete Transaction Settlement Payment (the "Sale Noncompete Payment").

20. Pursuant to the Sale Noncompete Payment, Drs. Abdou and Bacchus had the potential to earn an additional $6 million and $4 million, respectively, so long as certain conditions were met.

21. However, due to uncertainties as to the conditions precedent of the Sale Noncompete Payment, Counterdefendants and DaVita Medical Nevada entered into an amendment of the Settlement Agreements on August 30, 2013 (the "2013 Settlement Amendments").

22. DaVita, HCP Holdings, and HCP are intended third party beneficiaries of the 2013 Settlement Amendments.

23. Pursuant to his 2013 Settlement Amendment, Dr. Abdou received $3 million.

24. Pursuant to his 2013 Settlement Amendment, Dr. Bacchus received $2 million.

### The Sale Noncompetes

25. On May 20, 2012, Counterdefendants and DaVita entered into the Sale Noncompetes.

26. Counterdefendants were represented by counsel with respect to the negotiations of the Sale Noncompetes.

27. In entering into the Sale Noncompetes, Counterdefendants acknowledged they were selling their ownership interest in HCP Holdings as part of the Merger transaction.

28. Counterdefendants further acknowledged that the Sale Noncompetes were a condition precedent to the Merger, "a material inducement to [DaVita] to consummate the transactions contemplated in the Merger Agreement," and that DaVita "would be unwilling to consummate such transactions if [Plaintiffs] did not enter into [the Sale Noncompetes]."

29. Counterdefendants also acknowledged that the Sale Noncompetes were necessary to protect the benefits and value that DaVita would acquire through the Merger.

30. Specifically, Counterdefendants acknowledged that, "due to [their] affiliation with [HCP Holdings]," they had "acquired intimate knowledge of, and experience related to, the business of the [HCP Holdings] and [DaVita], which, if exploited by [Counterdefendants] in contravention of this Agreement, would seriously, adversely and irreparably affect the ability of [DaVita] and its Affiliates . . . to derive the benefit or value for which it bargained in the Merger Agreement."

31. The Sale Noncompetes prohibit Counterdefendants from engaging in a "Restricted Business" in the "Restricted Region"—which is comprised of Nevada, California, Florida, and New Mexico—and from soliciting DaVita employees (including employees of its subsidiaries) for five (5) years from the closing date of the Merger.

32. The Restricted Region is composed of states where DaVita and HCP continue to conduct operations.

33. The closing date of the Merger was November 1, 2012; accordingly, the Sale Noncompetes expire by their own terms on November 1, 2017.

34. Under the Sale Noncompetes, "Restricted Business" is defined to target the type of services which Counterdefendants provided to HCP—management of physician practices and organizations involved in coordinated care.

35. In defining "Restricted Business," the Sale Noncompetes are narrowly tailored; they expressly allow each Counterdefendant to "personally [practice] medicine as a physician" and leave open many other types of work in the healthcare field.

36. Counterdefendants expressly agreed that the restrictions contained in the Sale Noncompetes were: "(a) fair, reasonable and necessary for the protection of the legitimate business interests of [DaVita] or its Subsidiaries . . . including the protection of the goodwill transferred pursuant to the Merger Agreement, (b) not injurious to the public and (c) appropriate based on the nature of the [HCP Holding's] and [DaVita's] business."

37. The Parties specifically agreed that in the event that any term or other provision of the Sale Noncompetes is found "invalid, illegal, or incapable of being enforced under any Law or public policy" that "all other terms and provisions of [the Sale Noncompetes] shall nevertheless remain in full force and effect . . . ."

38. Further, the Parties specifically agreed that if a court finds that "any term or other provision is invalid, illegal, or incapable of being enforced" the Sale Noncompetes obligate the Parties to "negotiate in good faith to modify [the Sale Noncompetes] so as to effect the original intent of the parties . . . as closely as possible in a mutually acceptable manner in order that the Transactions are consummated as originally contemplated to the greatest extent possible."

39. Finally, the Parties specifically authorized courts to "rewrite (or 'blue-pencil')" the restrictions contained in the Sale Noncompetes to the extent they found any restrictions unenforceable.

**Counterdefendants Challenge the Validity of the Sale Noncompetes**

40. On November 8, 2016, Counterdefendants initiated this action, challenging the validity of the Sale Noncompetes.

**Counterclaim is Pled in the Alternative**

41. Counterclaimants contend that the Sale Noncompetes are enforceable.

42. However, pursuant to Federal Rule of Civil Procedure 8(a)(3), Counterclaimants assert the following Counterclaim assuming that the Court and/or trier of fact finds that the Sale Noncompetes are unenforceable.

**First Cause of Action**

**(Unjust Enrichment/Assumpsit)**

43. Counterclaimants reassert and incorporate by reference the above paragraphs 1 to 42, inclusive, as though fully set forth herein.

44. Counterdefendants received $5 million as specific consideration for the Sale Noncompetes.

45. Counterdefendants have now challenged the validity of the Sale Noncompetes.

46. If the Court and/or trier of fact finds that the Sale Noncompetes are unenforceable it would be unjust and unequitable for Counterdefendants to retain the consideration they received for the Sale Noncompetes.

47. Accordingly, if the Court and/or trier of fact finds that the Sale Noncompetes are unenforceable, Counterclaimants are entitled to full restitution of the consideration paid to Counterdefendants (i.e., $5 million).

48. In order to pursue their counterclaim as a direct and proximate result of Counterdefendants' conduct outlined herein, the Counterclaimants have incurred attorney's fees as special damages in an amount to be determined.

WHEREFORE, Counterclaimants pray for the following relief:

1. Judgment in favor of Counterclaimants and against Counterdefendants in the amount of $5 million in compensatory damages according to proof;

2. For an award of costs and attorney's fees reasonably incurred by Counterclaimants;

3. For an award of pre-judgment and post-judgment interest at the highest rate allowed by law until paid in full; and

4. For such other and further relief as the Court deems just and proper.

DATED this 29th day of December, 2016.

BAILEY❖KENNEDY

By: /s/ John R. Bailey
JOHN R. BAILEY
JOSHUA M. DICKEY
KELLY B. STOUT
PAUL C. WILLIAMS
*Attorneys for Defendants DaVita Inc.;
HealthCare Partners Holdings, LLC; and
HealthCare Partners, LLC*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of BAILEY❖KENNEDY and that on the 29th day of December, 2016, service of the foregoing Defendants' Answer and Counterclaim was made by mandatory electronic service through the United States District Court's electronic filing system and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| MARK FERRARIO, ESQ.<br>CHRIS MILTENBERGER, ESQ<br>ALAYNE OPIE, ESQ.<br>GREENBERG TRAURIG, LLP<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, Nevada 89169 | Email:  ferrariom@gtlaw.com<br>            miltenbergerc@gtlaw.com<br>            opiea@gtlaw.com<br><br>*Attorneys for Plaintiffs Sherif W. Abdou, M.D. and Amir S. Bacchus, M.D.* |
| I. SCOTT BOGATZ, ESQ.<br>JAIMIE STILZ, ESQ.<br>REID RUBINSTEIN & BOGATZ<br>300 South Fourth Street<br>Suite 830<br>Las Vegas, Nevada 89101 | Email:  sbogatz@rrblf.com<br>            jstilz@rrblf.com<br><br>*Attorneys for Plaintiffs Sherif W. Abdou, M.D. and Amir S. Bacchus, M.D.* |

                            /s/ Sharon L. Murnane
                    Employee of BAILEY❖KENNEDY