**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHERIF W. ABDOU, M.D. et al., | Case No. 2:16-cv-02597-APG-CWH |
| Plaintiff, | |
| v. | |
| DAVITA INC., et al., | **ORDER** |
| Defendants. | |

Presently before the Court is Plaintiff's motion to stay (ECF No. 42), filed on June 30, 2017. Defendant filed a response (ECF No. 44) on July 14, 2017, and Plaintiff filed a reply (ECF No. 45) on May 2, 2017.

Plaintiff moves to stay discovery in this matter pending a decision on its motion to dismiss Defendant's counterclaim (ECF No. 41), arguing that this action is moot and discovery is therefore unnecessary. Plaintiff also requests that the Court schedule a settlement conference. Defendant opposes the motion, arguing that neither Plaintiff's claim nor its counterclaim are moot. It also believes that the parties would not benefit from a settlement conference.

It is within the Court's broad discretion over discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In determining whether to stay discovery pending resolution of a dispositive motion, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). In order to determine if a stay is appropriate, the court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Further, "a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay LLC V.*

1

*eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Courts considering stays in this district have found that this standard is not easily met (*Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013)), and that "[a]bsent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Id.* (quoting *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011)).

To determine whether a stay of a potentially dispositive motion is appropriate, courts in this district take a "preliminary peek" at the motion. *See Tradebay*, 278 F.R.D. 602-603. This inquiry is not meant to prejudge the motion, but rather to determine whether a stay would help the court to secure the "just, speedy, and inexpensive determination" of the action as required by Rule 1 of the Federal Rules of Civil Procedure. *Id.*

Here, both parties appear to concede that the pending motion to dismiss can be adjudicated without discovery. Therefore, the only remaining issues for the Court are whether Plaintiff's motion to dismiss is dispositive of the entire case, and whether the Court is convinced, after a preliminary peek, that the motion will be granted.

In support of its contention that the motion to dismiss Defendant's counterclaims would be dispositive of this case, Plaintiff argues that its own claim in this case is moot, so that if the pending motion to dismiss Defendant's counterclaim is successful, it will be dispositive of the entire case. Plaintiff's mootness argument is based on this Court's denial of its motion for preliminary injunction on January 17, 2017, (ECF No. 26). According to Plaintiff, this case became moot at that point because the noncompete agreements that were the subject of the preliminary injunction are set to expire on November 1, 2017, and a resolution of this case will certainly not occur before then. Plaintiff's pending motion to dismiss also depends on this argument.

However, based on its preliminary peek, the Court is not convinced that the motion to dismiss is dispositive of the action, or that the motion, which relies solely on the mootness argument, is certain to be successful. Although the noncompete agreements will expire before this case can come to trial, it is not clear that both parties no longer have a legally cognizable interest in the outcome. Even though Plaintiff would prefer that this case be dismissed at this point, the question

of the validity of the noncompete clauses has not been answered and remains in dispute.  Motion to Dismiss, at 3:8 (ECF No. 41).  Further, Defendant's pending motion to amend its counterclaim (ECF No. 31) may be granted, and if it is, the expiration of the noncompete agreements may be tolled.  Finally, Plaintiff does not clearly defeat Defendant's arguments against mootness.  Defendant provides authority suggesting that a finding of mootness requires meeting a "heavy" burden (*County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)), which includes establishing that both parties "lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  While Plaintiff's arguments to the contrary are not without merit, the Court is unconvinced after its preliminary peek that the motion to dismiss will be granted.

As to Plaintiff's request for a settlement conference, based on Defendant's reticence and the pending motion to amend the counterclaim, the Court does not believe that a mandatory settlement conference is warranted at this time.  The parties may make a further request for a settlement conference as events warrant.

IT IS THEREFORE ORDERED that Plaintiff's motion (ECF No. 42) to stay discovery is DENIED.

DATED: September 18, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge