1 | JOHN R. BAILEY
Nevada Bar No. 0137
2 | JOSHUA M. DICKEY
Nevada Bar No. 6621
3 | KELLY B. STOUT
Nevada Bar No. 12105
4 | PAUL C. WILLIAMS
Nevada Bar No. 12524
5 | **BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
6 | Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
7 | Facsimile: 702.562.8821
JBailey@BaileyKennedy.com
8 | JDickey@BaileyKennedy.com
KStout@BaileyKennedy.com
9 | PWilliams@BaileyKennedy.com

10 | *Attorneys for Defendants DaVita Inc.;*
*HealthCare Partners Holdings, LLC; and*
11 | *HealthCare Partners, LLC*

12 | UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

14 | SHERIF W. ABDOU, M.D. and AMIR S. BACCHUS, M.D.,

Case No. 2:16-cv-02597-APG-CWH

15 | Plaintiffs,

**FIRST AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

16 | v.

17 |

18 | DAVITA INC., HEALTHCARE PARTNERS HOLDINGS, LLC, and HEALTHCARE PARTNERS, LLC,

19 |

20 | Defendants.

21 |

22 | AND RELATED CLAIMS.

23 | Plaintiffs/Counterdefendants Sherif W. Abdou ("Dr. Abdou") and Amir S. Bacchus ("Dr.

24 | Bacchus") (jointly, the "Doctors"), by and through their counsel, the law firm of Snell & Wilmer

25 | L.L.P., and Defendants/Counterclaimants DaVita Inc. ("DaVita"), DaVita Medical Holdings, LLC,

26 | f/k/a HealthCare Partners Holdings, LLC ("HCP Holdings"), and DaVita Medical Management,

27 | LLC, f/k/a HealthCare Partners, LLC ("HCP") (collectively, the "DaVita Parties"), by and through

28 | their counsel, the law firm of Bailey❖Kennedy, hereby stipulate and agree to the following terms:

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

This Stipulated Confidentiality Agreement and Protective Order ("<u>Protective Order</u>") shall govern the handling and disclosure of all documents, testimony or other information produced or given in the above-captioned action (the "<u>Litigation</u>") which is designated to be subject to this Order in accordance with the terms herein.

For purposes of the Protective Order, each Plaintiff/Counterdefendant or Defendant/Counterclaimant is a "Party" (collectively, the "<u>Parties</u>"). Any reference to a Party or "non-party" means—unless otherwise indicated—a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, wholly-owned direct or indirect subsidiary, division, affiliate, parent company, and any other form of business organization or arrangement, and includes the Party, person, or non-party's officers, directors, managers, members, employees, agents, representatives, shareholders, independent contractors, attorneys, accountants and all other persons over which the Party, person, or non-party has control or which act or purport to act on its behalf.

Any Party or non-party producing or disclosing confidential documents, materials, items, or other information pursuant to the terms of this Protective Order is the "**Producing Party**," and the Party or non-party receiving or being given access to confidential documents, materials, items, or other information pursuant to the terms of this Protective Order is the "**Receiving Party**."

**A.** **<u>Purposes and Limitations.</u>** Discovery in this Litigation may involve the use, production, and disclosure of confidential, financial, proprietary, sensitive, personal, and/or private information for which special protection from public disclosure and from use for any purpose—other than in prosecuting, defending, settling, or otherwise in this Litigation—including any appeals, and/or for enforcing and/or collecting any judgment entered in this Litigation, would be warranted and consistent with the public policy of United States of America and the State of Nevada. The use, production, and/or disclosure of "Protected Material," as this term is defined in Section B, could severely injure or damage the Parties and place the Parties at a competitive disadvantage if accomplished in a manner or means inconsistent with the terms and conditions of this Protective Order.

Therefore, in the interest of expediting and facilitating discovery, permitting the same to proceed without delay occasioned by possible disputes regarding claims of confidentiality, and balancing the interests of the Parties, this Protective Order establishes a procedure for producing,

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

disclosing, and using Protected Material without unnecessarily involving the Court in the process; imposes obligations upon all Parties, persons, and non-parties receiving or given access to Protected Material to protect it from unauthorized production, disclosure, and/or use; and establishes a procedure for challenging the use, disclosure, or dissemination of Protected Material.

**B.** **Protected Information.** Any Party or non-party may designate for protection under this Protective Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets ("Protected Material"). Subject to the provisions herein and unless otherwise stated, this Protective Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) all pretrial pleadings, exhibits to pleadings and other court filings; (d) all affidavits; and (e) all stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Protected Material shall also be considered Protected Material and treaded as such under this Protective Order.

**C.** **Designation of Protected Material**. Protected Material shall be designated by the Producing Party by affixing a legend or stamp on such document, information or material as follows: (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or (iii) "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." The marking shall be placed clearly on each page of the Protected Material. A designation of material as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be made at any time. An inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

A Party may object to a Producing Party's designation(s) of confidentiality, including the specific level of designation (*e.g.* outside attorneys' eyes only vs. attorneys' eyes only). If a Party objects to a designation(s) made by a Producing Party, the Producing Party and objecting Party shall first meet-and-confer within fourteen (14) days of the objection in an effort to resolve the matter. If the Producing Party and objecting Party are not able to resolve the objection, the objecting Party

may seek relief from the Court.  The designation(s) shall remain subject to this Protective Order and the protections afforded to the specific designation(s) pending a ruling from the Court.

**D.** **Use of Protected Material Generally.**  The Parties, and the law firms appearing as their counsel in this Litigation, may make such use of the Protected Material produced by the Parties or non-parties subject to this Protective Order as the preparation of this Litigation may reasonably require.  The Parties, and the law firms appearing as their counsel in this Litigation, may not use any Protected Material received from another Party or a non-party for any purposes other than this Litigation.

1.  In addition to any restrictions imposed by the Protective Order, all Protected Material shall remain subject to any and all restrictions imposed by statute, regulation, agreement, or other legal duty.

2.  Notwithstanding any existing restriction imposed by statute, regulation, agreement, or other legal duty, this Protective Order shall not further restrict the Party's use/disclosure of Protected Material that was already in a Party's care, custody, and/or control at the commencement of this Litigation.

All Parties or non-parties obtaining, receiving, inspecting, examining or being given access to any Protected Material in accordance with this Protective Order, (i) shall first agree to submit himself or herself to the jurisdiction of this Litigation for purposes of enforcing this Protective Order, and (ii) shall agree to be bound by this Protective Order.

**E.** **Storage and Maintenance of Protected Material.**  All Protected Material designated or marked as provided herein shall not be disclosed to anyone other than those persons identified in Sections F and G of this Protective Order, and they shall be handled in the manner set forth herein. The Receiving Party, or any non-party who receives or is given access to any Protected Material under this Protective Order shall:

1.  Store and maintain such Protected Material in a secure and safe area and manner within their exclusive possession and control;

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

2.      Exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own Protected Material;

3.      Take all measures reasonably necessary to maintain the confidentiality of such information, documents, materials, items, and things; and

4.      Not permit or participate in the unauthorized production, disclosure, or use of such Protected Material.

**F.      Use of Protected Material in Depositions.**  Any Party shall have the right to use Protected Material during depositions unless otherwise agreed to by the Parties in writing or on the record at the deposition.  To the extent a deponent (and/or any other non-party otherwise unauthorized to receive Protected Material pursuant to Section G) is present at the deposition, that third party deponent and/or non-party shall be required to execute a copy of the form Attachment "A," affixed to this Protective Order, prior to dissemination or disclosure of any Protected Material.  Counsel for the affected Party may otherwise request that all individuals not qualified to obtain, receive, or be given access to Protected Material under this Protective Order leave the deposition session during any portions where Protected Material is used or referred to.  The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

The transcript of any deposition taken in the Litigation shall be, in its entirety, deemed Protected Material.

**G.      Disclosure of Protected Material—Generally.**  "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

1.      Retained counsel for the Parties (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

2.      The Parties and their officers, directors, agents, representatives, and employees who are deemed reasonably necessary by counsel for the Parties to aid in the prosecution, defense, or settlement of this Litigation;

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

3.      Independent investigators, experts and/or consultants (together with their clerical and secretarial staff) retained by counsel for a Party to assist in the prosecution, defense, or settlement of this Litigation, but only to the extent reasonably necessary to perform their work in connection with this Litigation;

4.      Clerical and data processing personnel, including third party vendors, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Discovery Materials, but only to the extent reasonably necessary to assist a Party or its counsel in this Litigation;

5.      The Court;

6.      Court reporters and videographers employed to record depositions or live testimony in this Litigation;

7.      A non-party (and his or her counsel) appearing at a deposition, hearing, or other proceeding in this Litigation for whom disclosure is reasonably necessary to the testimony of such witness;

8.      Any other non-party as to whom the Parties in writing agree;

9.      The author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information; such person shall be given access only to the specific document or information therein; and

10.      Any governmental agency or regulating authority to the extent disclosure is required by such governmental agency or regulatory authority or applicable law.

Any non-party to whom Protected Material is disclosed or revealed pursuant to this subsection shall be given a copy of this Protective Order and advised as follows: (i) that the Protected Material is being disclosed pursuant to this Confidentiality Agreement; (ii) that the Protected Material may not be disclosed or disseminated orally, or by any other means, by such non-party to any other non-party not permitted to have access to the Protected Material pursuant to this Protective Order; (iii) that the Protected Material may not be used except for the purposes of this Litigation as provided in this Protective Order; (iv) that the Protected Material must remain in the non-party's custody until returned to counsel from whom the Protected Material was received; and (v) that any violation of this Protective

Order may result in the imposition of sanctions as the Court (if such sanctions are sought after the conclusion of the Litigation) deems proper. Any non-party to whom Protected Material is or will be disclosed pursuant to this Section shall also be required to execute a copy of the form Attachment "A" affixed to this Protective Order prior to dissemination of Protected Material.

Counsel providing Protected Material to any non-party pursuant to this Section shall retain copies of the executed form Attachment "A" and shall provide it to counsel for the Producing Party prior to the disclosure of the Protected Material to the non-party.

**H.**     **Disclosure of Protected Material—Attorneys' Eyes Only.**  To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

     1.     Access to, and disclosure of, documents designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to those parties identified in Sections G(1), and G(3)-(10) above, and up to two (2) in-house counsel for the parties, provided the in-house counsel are assisting outside counsel in the Litigation and exercise no competitive decision-making authority on behalf of the client.

     2.     Access to, and disclosure of, documents designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be limited to those parties identified in Sections G(1) and G(3)-(10) above.

**A.**     **Disclosure of Protected Material—Court Filings.**  To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Protective Order, all Parties shall comply with the requirements of Local Rule IA 10-5 with respect to any documents filed under seal, as well the requirements cited in the Ninth Circuit's decision in *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006).

**B.**     **Knowledge of Unauthorized Use or Possession of Protected Material.**  The Receiving Party or its counsel shall immediately notify counsel for the Producing Party in writing if it learns of any unauthorized possession, knowledge, use, or disclosure of any Protected Material in any

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

manner inconsistent with the terms of this Protective Order. The Receiving Party shall promptly furnish the Producing Party in writing with the full details of such unauthorized possession, knowledge, use, or disclosure. With respect to such unauthorized possession, knowledge, use, or disclosure, the Receiving Party shall assist the Producing Party in preventing its recurrence of and shall cooperate fully with the Producing Party in any litigation to prevent unauthorized use or further dissemination of Protected Material. The Receiving Party: (i) shall further use its best efforts to retrieve all copies of Protected Material obtained by non-parties not authorized to possess, know or otherwise receive Protected Material under this Protective Order, (ii) shall provide such non-party with a copy of this Protective Order, and (iii) shall notify counsel for the Producing Party of the failure to retrieve any such information (if applicable).

     **C.**     **<u>Copies, Summaries, or Abstracts.</u>**   Protected Material shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this Litigation. All such copies, reproductions, summarizations, extractions and abstractions shall be subject to the terms of this Protective Order, and labeled in the same manner as the designated material on which they are based. Attorney-client communications and attorney work product regarding Protected Material shall not be subject to this Section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Protected Material.

     **D.**     **<u>Inadvertent Disclosure and/or Production of Privileged Material(s).</u>** If a Producing Party contends that it has inadvertently disclosed and/or produced discovery material(s) that it alleges is protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or protection provided under applicable law, and/or is otherwise immune to the requested form of discovery (the "Subject Material"), the Producing Party shall immediately notify the Receiving Party upon its discovery of the inadvertent disclosure and/or production. Upon such notification, and in no event later than ten (10) business days after receiving notice, the Receiving Party shall immediately return, sequester, or destroy any and all copies of the Subject Material identified in the notice, and may not use, produce or disclose to other persons or non-parties the Subject Material until the claim of privilege or protection is resolved. If the Receiving Party produces or otherwise discloses the same

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

before being notified, it shall take reasonable measures necessary to retrieve it. Upon request, the Receiving Party shall certify, in writing, that it has complied with the terms and conditions of this Paragraph; provided, however, that such Receiving Party shall not waive or prejudice any right it may have to challenge the alleged privileged or protected status of the Subject Material, nor shall it waive or prejudice any challenge it may have to the Producing Party's claim of inadvertent production and/or disclosure. If, after undertaking an appropriate meet-and-confer, the Parties are unable to resolve any dispute they have concerning the Subject Material, the Receiving Party may file a motion with the Court under seal for a determination of the claim, and the Producing Party shall preserve the disputed material(s) until the claim is resolved. If the Receiving Party discovers that a Party has produced or disclosed material(s) that the Receiving Party in good faith understands to be potentially covered by the attorney-client privilege, the work product doctrine, and/or any other privilege or protection provided under applicable law, the Receiving Party shall notify the Producing Party within three (3) business days of discovering the material(s). If, in response to this notification, the disclosing and/or Producing Party asserts that the material(s) is or may be privileged or protected, then the Parties shall comply with the process set forth in this Paragraph.

    **E.**    <u>**Reservation of Rights.**</u> The Parties hereby reserve the following rights:

        1.    Nothing in this Protective Order, nor the production or disclosure of any information or documents under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed or construed: (i) to have the effect of an admission or a waiver by any Party of the confidentiality or non-confidentiality of any such information or document; (ii) to alter the confidentiality or the non-confidentiality of any such information or document; (iii) to alter any existing or pending obligation of any party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at any stage of this Litigation.

        2.    The entry of this Protective Order shall be without prejudice to the rights of the Parties, or any of them, or of any non-party, to seek additional or different

protection for protected documents or information from the Court (if such protection is sought after the conclusion of the Litigation).

3. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this Litigation or any other litigation, nor shall this Protective Order be construed to suggest that protected documents or information subject to this Protective Order are discoverable, relevant, or admissible in this Litigation or any other litigation.

4. Nothing contained herein shall prejudice the right of any Party to object to the admissibility of Protected Material subject to this Protective Order for any reason permissible under applicable state or federal law.

5. The Parties, by agreeing to this Protective Order, are not waiving any rights they have to obtain information or materials, in whatever form, through the discovery rules under state or federal law.

**F.** <u>**Amendment.**</u> Any Party, for good cause shown, may apply to the Court for modification of this Protective Order, or the Protective Order may be modified by consent of the Parties in writing (subject to approval by the Court).

**G.** <u>**Return or Destruction of Protected Material.**</u> All documents and materials subject to this Protective Order shall be destroyed or surrendered to the Producing Party (or non-party who provided any Protected Material) upon the conclusion of this Litigation, including any appeal thereof. Upon such conclusion of this Litigation, including any appeal thereof, counsel of record for the Receiving Party shall notify counsel of record for the Producing Party in writing of compliance with this Section. Counsel for the Receiving Party shall make a reasonable effort to retrieve any document or information subject to this Protective Order from any Party or non-party witness to whom such information has been given as permitted under Section G, and shall notify counsel for the Producing Party of the failure to retrieve any such information (if applicable). Notwithstanding this provision, counsel for the parties may keep a full and complete record of all documents generated as a result of this Litigation, including correspondence, handwritten notes, emails, deposition and court transcripts, and documents filed in this Litigation so long as those documents are kept in a manner consistent with their confidentiality and subject to the terms of this Protective Order.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**H.** **Injunctive Relief Available.** Each Party acknowledges that monetary remedies may be inadequate to protect each Party in the Litigation from unauthorized disclosure or use of Protected Material and that injunctive relief may be appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Protected Material, in addition to whatever relief may be available at law or in equity.

**I.** **Other Actions and Proceedings.** If the Receiving Party, or its counsel or expert, is served with a subpoena or other process by any court, administrative, or legislative body, or any other person or organization which calls for production of Protected Material produced by another Party, the Party to whom the subpoena or other process is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until ten (10) business days after notifying counsel for the Producing Party in writing of all of the following: (1) the information and documentation which is requested for production in the subpoena or other process; (2) the date on which compliance with the subpoena or other process is requested; (3) the location at which compliance with the subpoena or other process is requested; (4) the identity of the party serving the subpoena or other process; and (5) the litigation name, jurisdiction, index, docket, complaint, charge, civil action, or other identification number or other designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena or other process has been issued. The Party, counsel, or expert receiving the subpoena or other process shall cooperate with the Producing Party in any proceeding relating thereto.

**J.** **Order Survives Termination.** This Protective Order shall remain in full force and effect and each Party and non-party subject to this Protective Order shall continue to be subject to the obligations contained herein even after the conclusion of this Litigation. Disputes regarding this Protective Order that arise after the conclusion of this Litigation shall be brought in the United States District Court for the District of Nevada.

**K.** **Compliance with Protective Order.** All counsel of record in this Litigation shall comply with the terms of this Protective Order, and take all reasonable steps to ensure that their clients, and the non-parties receiving or being given access to Protected Material pursuant to Section G,

similarly comply herewith.  The Parties shall not utilize any portion of Protected Material for their own personal or business advantage or gain, aside from purposes related to this Litigation.

In the event of a change in counsel, new counsel shall agree in writing to be bound by and subject to the terms of this Protective Order.

**L.**     **The Health Insurance Portability and Accountability Act of 1996.**  This Protective Order is intended to serve as a "qualified protective order" in accordance with 45 C.F.R. § 164.512(e)(1)(v) to the extent that any Party produces Protected Material that constitutes "protected health information" or "electronic protected health information" as defined in 45 C.F.R. § 160.103.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**M.** __Miscellaneous.__ When interpreting this Protective Order:

    1.    The term "and" includes the term "or" and the term "or" includes the term "and";

    2.    Defined terms shall have the meanings ascribed to such terms where used or defined;

    3.    The paragraph headings are for convenience only and in no way limit or enlarge the scope or meaning of the language thereof; and

    4.    The terms herein shall be construed as a whole according to their fair and ordinary meaning and not strictly for or against any Party.

DATED this 26th day of February, 2018.    DATED this 26th day of February, 2018.

BAILEY❖KENNEDY    SNELL & WILMER, L.L.P.

By: /s/ Paul C. Williams    By: /s/ Charles E. Gianelloni

    JOHN R. BAILEY    PATRICK G. BYRNE, NEV. Bar No. 7636
    JOSHUA M. DICKEY    CHARLES E. GIANELLONI, Nev. Bar No. 12747
    KELLY B. STOUT    3883 Howard Hughes Pkwy., Suite 1100
    PAUL C. WILLIAMS    Las Vegas, Nevada 89169
*Attorneys for Defendants DaVita Inc.;*    Telephone: (702) 784-5200
*HealthCare Partners Holdings, LLC; and*    Facsimile: (702) 784-5252
*HealthCare Partners, LLC*    pbyrne@swlaw.com
    cgianelloni@swlaw.com
*Attorneys for Plaintiffs Sherif W. Abdou, M.D.*
*and Amir S. Bacchus, M.D.*

## ORDER

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: February 27, 2018

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

# ATTACHMENT A - CONFIDENTIALITY AGREEMENT

I hereby declare to my understanding that information or documents provided to me in conjunction with the action *Abdou v. DaVita Inc.*, Case No. 2:16-cv-02597-APG-CWH, are subject to the First Amended Stipulation and Protective Order Regarding Confidential Information dated _____, 2018 (the "Protective Order"); that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Confidentiality Agreement attached to the Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents pertaining to the litigation.

I further agree that I shall not disclose to others except in accord with the Protective Order, any Protected Material, in any form whatsoever, and that such Protected Material contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Protected Material will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, District of Nevada while this case is pending and after the litigation is concluded, for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 20_____.


_____
Signature

Name:_____