# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHERIF W. ABDOU and AMIR S. BACCHUS,<br><br>Plaintiffs,<br><br>v.<br><br>DAVITA, INC., et al.,<br><br>Defendants. | Case No. 2:16-cv-2597-APG-CWH<br><br>**ORDER DENYING MOTION TO DISSOLVE OR MODIFY INJUNCTION**<br><br>(ECF Nos. 100, 101) |

Plaintiffs Sherif Abdou and Amir Bacchus move to dissolve or modify the injunction I entered in November 2017 (ECF No. 92). I deny the motion because the plaintiffs have not presented sufficient evidence to justify the relief requested. The plaintiffs were paid millions of dollars not to compete, or to prepare to compete, for five years. Davita has presented evidence establishing a likelihood of success in showing the plaintiffs violated the non-compete provision by preparing to compete through numerous conversations with UHS, Humana, and Anthem (the restricted parties). Davita bought the right to operate in the market free from the shadow of the doctors competing against it for five years, not only to allow Davita room to strengthen its own relationships with market participants, but also to prevent the plaintiffs from strengthening or developing their own.

The announcement of United Healthcare/Optum's proposed acquisition of Davita Medical Group does not warrant dissolving the injunction. The injunction is narrowly tailored to address the irreparable harm attributable to the plaintiffs' breach. The injunction does not prevent the plaintiffs from developing a competing network with anyone except the restricted parties. And it does not prevent the restricted parties from developing a competing network with anyone except the plaintiffs. Other options exist for both the plaintiffs and the restricted parties. The fact that the restricted parties apparently prefer to work with the plaintiffs and view them as the most viable option even though the plaintiffs were supposed to be starting from ground zero only a few

months ago, only strengthens, not undermines, a likelihood of irreparable harm in the absence of injunctive relief. Further, the public interest does not persuade me to lift the injunction. The public's allegedly limited choices, even if true, are primarily due to business decisions by Humana, Prominence, the plaintiffs, and others, not the injunction.

IT IS THEREFORE ORDERED that the plaintiffs' motion to dissolve or modify the injunction order **(ECF Nos. 100/101) is DENIED**.

DATED this 7th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE